[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⊚═ 1002.]

Appeal from District Court, Harris County; A. R. Hamblen, Special Judge.

Action by L. Butler and wife against M. L. Hughes and another.     Judgment for plaintiffs, and defendants appeal.     Affirmed.

Stanley Thompson, of Houston, for appellants.     W. F. Carothers and R. A. Davis, both of Houston, for appellees.

HIGGINS, J.     Butler and wife sued to recover the title and possession of certain premises in city of Houston, which were conveyed by them to M. L. Hughes and J. J. Lyles on March 28, 1910, and to cancel the deed of conveyance.     The interest of Lyles subsequently passed to Hughes.     It was alleged that the property was the homestead of Butler and his wife at the time it was conveyed, and, while the deed upon its face was absolute, it was, in fact, intended as a mortgage, and was given to secure the repayment of a loan of $75 made by the grantees to the grantors.     It was further alleged that the loan had been repaid.     In response to the only issue submitted to the jury, it was found that the conveyance in question was intended by the parties thereto as security for a loan; whereupon judgment was rendered in favor of appellees as prayed for.

The only question presented by this appeal is the sufficiency of the evidence to support the jury's findings.     We have carefully examined the facts, and the conclusion is reached that the evidence abundantly supports the finding.     It will serve no purpose to state the same in detail.     The issue of veracity between the defendants and plaintiffs was sharply joined, and by the jury resolved in the latter's favor—a conclusion which this court deems clearly and fully supported by the evidence.

Affirmed.

---

HUGHES et al. v. COLBERT et ux.
(No. 470.)

(Court of Civil Appeals of Texas.     El Paso.
Oct. 14, 1915.)

APPEAL AND ERROR ⊚═1002—REVIEW—VERDICT ON CONFLICTING EVIDENCE.

A verdict clearly and fully supported by the evidence, though conflicting, will not be reversed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⊚═ 1002.]

Appeal from District Court, Harris County; A. R. Hamblen, Judge.

Suit by Anderson Colbert and wife against M. L. Hughes and another.     Judgment for plaintiffs, and defendants appeal.     Affirmed.

Stanley Thompson, of Houston, for appellants.     W. F. Carothers and R. A. Davis, both of Houston, for appellees.

HIGGINS, J.     Colbert and wife sued to recover the title and possession of certain premises in the city of Houston, conveyed by them to M. L. Hughes and J. J. Lyles by deed dated February 28, 1910, and to cancel the deed of conveyance.     The interest of Lyles subsequently passed to Hughes.     It was alleged that the property was the homestead of Colbert and his wife at the time it was conveyed, and, while the deed upon its face was absolute, it was, in fact, intended as a mortgage, and was given to secure the repayment of a loan of $100 made by the grantees to the grantors.     It was further alleged that the loan had been repaid.     In response to a special issue submitted to the jury it was found that the conveyance in question was intended by the parties thereto as security for a loan; whereupon judgment was rendered in accordance with the prayer of the petition.

The only question presented by this appeal is the sufficiency of the evidence to support the finding of the jury upon the issue indicated.     We have carefully examined the facts, and the conclusion is reached that the evidence abundantly supports the finding.     It will serve no purpose to state the same in detail.     The issue of veracity between the defendants and plaintiffs was sharply joined and by the jury resolved in the latter's favor —a conclusion which this court deems clearly and fully supported by the evidence.

Affirmed.

---

HOUSTON TRANSP. CO. v. PEDEN IRON & STEEL CO.     (No. 467.)

(Court of Civil Appeals of Texas.     El Paso.
Oct. 14, 1915.)

APPEAL AND ERROR ⊚═80 — DECISIONS REVIEWABLE—FINAL JUDGMENT—DISPOSAL OF ISSUES.

In an action on a note, with a prayer by the indorser that on judgment for plaintiff he have judgment over against his codefendant, a judgment for plaintiff not disposing of the prayer for judgment over was not a final appealable judgment, so that an appeal therefrom would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–500; Dec. Dig. ⊚═80.]

Error from District Court, Harris County; Wm. Masterson, Judge.

Suit by the Peden Iron & Steel Company against the Houston Transportation Company and John G. Tod, with prayer by defendant Tod that on judgment for plaintiff he have judgment over against his codefend-

ant. Judgment for plaintiff, and the Houston Transportation Company brings error. Dismissed.

John G. Tod, of Houston, for plaintiff in error. Baker, Botts, Parker & Garwood, of Houston, for defendant in error.

HARPER, C. J. Plaintiff, Peden Iron & Steel Company, brought this suit against the Houston Transportation Company and John G. Tod, defendants, upon certain notes for principal, interest, and attorney's fees. The Houston Transportation Company answered by general denial, and, specially, that the charge of 10 per cent. attorney's fees is unjust, etc. Defendant John G. Tod answered by general denial, and pleaded specially that, if he is liable at all on the notes sued on, it is as indorser thereof, and that therefore he prays that, if any judgment be rendered in favor of plaintiff and against the defendants, he have judgment over against his codefendant, the Houston Transportation Company.

The judgment rendered is as follows:

"Be it remembered that on this, the 13th day of October, 1913, came on to be heard the above numbered and entitled cause, and came the plaintiff, Peden Iron & Steel Company, and announced ready for trial, and also came the defendant Houston Transportation Company, by its attorneys, and announced ready for trial, and also came the defendant John G. Tod, in person, and announced ready for trial, and the defendants in open court withdrew their demand for a jury, and all matters of fact and law were submitted to the court, and the court, having heard the pleadings and evidence, is of the opinion that the defendants are jointly and severally indebted to the plaintiff in the sum of fourteen hundred and six and $72/100$ ($1,406.72) dollars, which amount plaintiff is entitled to recover from said defendants, jointly and severally, with interest from date at the rate of eight per cent. (8%) per annum.

"It is therefore ordered, adjudged, and decreed by the court that plaintiff, Peden Iron & Steel Company, do have and recover of and from the defendants, Houston Transportation Company and John G. Tod, jointly and severally, the sum of fourteen hundred and six and $72/100$ ($1,406.72) dollars, with interest from date at the rate of 8 per cent. per annum and all costs of suit, for which let execution issue."

It will be noted that the decree does not dispose of Tod's plea for judgment over against the Houston Transportation Company in case judgment is rendered against him, without which it is not a final judgment. Cook v. Fore, 37 S. W. 970; Florence v. Choice et al., 124 S. W. 436.

The appeal is therefore dismissed.